| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Timothy J. Silverman, Esq. [SBN 176261]<br>SOLOMON, GRINDLE, SILVERMAN & SPINELLA<br>12651 High Bluff Drive, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 793-8500<br>Facsimile: (858) 793-8263<br><br>[ ] Individual appearing without counsel<br>[X] Attorney for: Secured Creditor/Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Renee D. Williams; Jason M. Rund, Chapter 7 Trustee | CHAPTER: 7 |
|---|---|
| | CASE NO.: 2:09-bk-41726-ER |
| Debtor(s). | DATE: 01/05/2010<br>TIME: 10:00 a.m.<br>CTRM: 1568<br>FLOOR: 15th |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
**(MOVANT: JP MORGAN CHASE BANK, N.A.    )**
### (Personal Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any) ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:   [X] 255 East Temple Street, Los Angeles    [ ] 411 West Fourth Street, Santa Ana
   [ ] 21041 Burbank Boulevard, Woodland Hills    [ ] 1415 State Street, Santa Barbara
   [ ] 3420 Twelfth Street, Riverside

3. a. [X] This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. [ ] This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
   [ ] at the hearing    [ ] at least _____ court days before the hearing.
   (1) [ ] A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) [ ] A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.
   (3) [ ] A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (Optional Court Form F 4001-1M.RES), or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

(Continued on next page)

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.PP
F4001MPP

Motion for Relief from Stay (Personal Property) - *Page 2 of* 11     **F 4001-1M.PP**

| In re                (SHORT TITLE)<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 2:09-bk-41726-ER |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 11-30-09

SOLOMON, GRINDLE, SILVERMAN & SPINELLA
*Print Law Firm Name (if applicable)*

Timothy J. Silverman, Esq.
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 3 of 11*  **F 4001-1M.PP**

| In re<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 2:09-bk-41726-ER |

# MOTION FOR RELIEF FROM STAY
### (MOVANT: JP MORGAN CHASE BANK, N.A. )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (the "Property"):

   [X] Vehicle *(describe year, manufacturer, type, and model):* 2003 Mercedes-Benz CLK430

   *Vehicle Identification Number:* WDBLK70G83T136875
   *Location of vehicle (if known):* Unknown

   [ ] Equipment *(describe manufacturer, type, and characteristics):*

   Serial number(s):
   Location (if known):

   [ ] Other Personal Property *(describe type, identifying information, and location):*

2. **Case History:**

   a. [X] A voluntary  [ ] An involuntary  petition under Chapter  [X] 7  [ ] 11  [ ] 12  [ ] 13
   was filed on *(specify date):* 11/12/2009

   b. [ ] An Order of Conversion to Chapter  [ ] 7  [ ] 11  [ ] 12  [ ] 13
   was entered on *(specify date):*

   c. [ ] Plan was confirmed on *(specify date):*

   d. [ ] Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. [X] Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   (1) [X] Movant's interest in the Property is not adequately protected.

   (a) [X] Movant's interest in the collateral is not protected by an adequate equity cushion.

   (b) [X] The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (c) [X] No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

   (d) [ ] Payments have not been made as required by an Adequate Protection Order previously granted in this case.

   (2) [ ] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   (a) [ ] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

   (b) [ ] The Property was transferred to Debtor(s) either just before the bankruptcy filing or since the filing.

   (c) [ ] Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

   (d) [ ] Other bankruptcy cases have been filed asserting an interest in the same Property.

   (e) [ ] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                **F 4001-1M.PP**

| Motion for Relief from Stay (Personal Property) - *Page 4 of* 11 | **F 4001-1M.PP** |
|---|---|
| In re (SHORT TITLE)<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee | CHAPTER: 7 |
| Debtor(s). | CASE NO.: 2:09-bk-41726-ER |

    (3) ☐ *(Chapter 12 or 13 cases only)*
        (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.
        (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.
    (4) ☐ The lease has been rejected or deemed rejected by operation of law.
    (5) ☐ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
  a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
  b. ☐ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.
  c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____ .
  d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. ☒ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.
2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
3. Additional provisions requested:
  a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
  b. ☒ That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
  c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
  d. ☐ For other relief requested, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009      **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 5 of* 11    **F 4001-1M.PP**

| In re (SHORT TITLE)<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-41726-ER |
|---|---|

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 11-30-09

Respectfully submitted,

JP Morgan Chase Bank, N.A.
*Movant Name*

SOLOMON, GRINDLE, SILVERMAN & SPINELLA
*Firm Name of Attorney for Movant (if applicable)*

By: _____
   *Signature*

Name: Timothy J. Silverman, Esq.
   *Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-1M.PP**

| Motion for Relief from Stay (Personal Property) - Page 6 of 11 | F 4001-1M.PP |
|---|---|
| In re (SHORT TITLE)<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-41726-ER |

# PERSONAL PROPERTY DECLARATION
### (MOVANT: JP MORGAN CHASE BANK, N.A.    )

I, Cody Racki_____, declare as follows:
(Print Name of Declarant)

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the personal Property that is the subject of this Motion ("Property") because *(specify)*:

    [ ] I am the Movant and owner of the Property.
    [ ] I manage the Property as the authorized agent for the Movant.
    [X] I am employed by Movant as *(state title and capacity)*:   Bankruptcy Specialist
    [ ] Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Property that is the subject of this Motion is:

    [X] Vehicle *(describe manufacturer, type, model, and year)*: 2003 Mercedes-Benz CLK430

    Vehicle Identification Number: WDBLK70G83T136875
    Location of vehicle (if known): Unkown

    [ ] Equipment *(describe manufacturer, type, and characteristics)*:

    Serial number(s):
    Location (if known):

    [ ] Other Personal Property *(describe type, identifying information, and location)*:

4. Debtor(s) [X] listed the Property on Schedule B  [ ] did not list the Property on Schedule B.

5. The nature of Debtor's(s') interest in the Property is:
    a. [X] Sole owner
    b. [ ] Co-owner
    c. [ ] Lessee
    d. [ ] Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.PP

Motion for Relief from Stay (Personal Property) - *Page 7 of* 11    F 4001-1M.PP

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Renee D. Williams; Jason M. Rund, Chapter 7 Trustee | Debtor(s). | CASE NO.: 2:09-bk-41726-ER |

6. The lease was rejected on _____ *(specify date)*:

   a. ☐ by operation of law.

   b. ☐ by Order of the Court.

7. Movant has a perfected security interest in the Property.

   a. The Property is a motor vehicle, boat, or other property for which a Title Certificate is provided for by state law. True and correct copies of the following items are attached to this Motion:

   (1) ☒ Certificate of Title *("Pink Slip")* attached as Exhibit 2_____ .

   (2) ☐ Vehicle or other Lease Agreement attached as Exhibit _____ .

   (3) ☒ Security Agreement attached as Exhibit 1_____ .

   (4) ☐ Other evidence of perfection attached as Exhibit _____ .

   b. The Property is equipment, intangibles, or other personal property for which a Title Certificate is not provided for by state law. True and correct copies of the following items are attached:

   (1) ☐ Security Agreement attached as Exhibit _____ .

   (2) ☐ UCC-1 Financing Statement attached as Exhibit _____, as recorded on *(specify date)*:

   (3) ☐ UCC Financing Statement search results attached as Exhibit _____ .

   (4) ☐ Results of search of recorded or filed leases attached as Exhibit _____ .

   (5) ☐ Other evidence of perfection of a security interest attached as Exhibit _____ .

   c. The Property is consumer goods. True and correct copies of the following items are attached:

   (1) ☐ Credit Application attached as Exhibit _____ .

   (2) ☐ Purchase Agreement attached as Exhibit _____ .

   (3) ☐ Account Statement showing payments made and balance due attached as Exhibit _____ .

   (4) ☐ Other evidence of perfection of a security interest *(if necessary under state law)* attached as Exhibit _____ .

   d. ☐ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

   a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor(s) to Movant is attached as Exhibit 1_____ .

   b. Amount of current monthly payment:  $           796.06

   c. Number of payments that have come due and were not made: 4

   d. Last payment received on *(specify date)*: 07/2009

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor(s) since the petition date.

10. Amount of Movant's debt:

    a. Principal:                                              $ 21,398.99_____
    b. Accrued Interest:                                       $_____
    c. Costs (Attorney's Fees, Late Charges, Other Costs):     $   850.00_____
    d. Advances (Property Taxes, Insurance):                   $_____
    e. TOTAL CLAIM as of 11/24/2009            :              $ 22,248.99_____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.PP

Motion for Relief from Stay (Personal Property) - *Page 8 of* 11    **F 4001-1M.PP**

| In re (SHORT TITLE)<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee                Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-41726-ER |
|---|---|

f.  Future payments due by time of anticipated hearing date *(if applicable)*: 1
An additional payment of $ __796.06__ will come due on __12/07/2009__ , and on the __7th__ day of each month thereafter. If the payment is not received by the __19th__ day of the month, a late charge of $ __50.00__ would be due under the terms of the loan.

11. [X] *(Chapter 7 and 11 cases only)* The fair market value of the Property is: $ __18,000.00__ . This valuation is based upon the following supporting evidence:

   a.  [ ] This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit _____.

   b.  [ ] This is the value determined by an appraisal or other expert evaluation. A true and correct copy of the expert's report or declarations attached as Exhibit _____.

   c.  [X] Debtor's(s') admissions in the Schedules filed in the case. A true and correct copy of the relevant portions of the Debtor's(s') Schedules are attached as Exhibit __3__ .

   d.  [ ] Other basis for valuation *(specify)*:

> **NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

12. Calculation of equity in Property:

   a.  By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's(s') equity in the Property is $ __-4,248.99__ (§ 362(d)(2)(A)).

   b.  I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ _____ (§ 362(d)(1)).

13. [ ] The fair market value of the Property is declining based on/due to: _____

14. [ ] *(Chapter 12 or 13 cases only)* Chapter 12 or 13 case status information:

   a.  341(a) Meeting currently scheduled for (or concluded on) the following date:
Confirmation hearing currently scheduled for (or concluded on) the following date:
Plan confirmed at hearing on the following date *(if applicable)*:

   b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   (Number of) _____ payment(s) due at $ _____ each = $ _____
   (Number of) _____ payment(s) due at $ _____ each = $ _____
   (Number of) _____ late charge(s) at $ _____ each = $ _____
   (Number of) _____ late charge(s) at $ _____ each = $ _____

   c.  Postpetition/preconfirmation advances or other charges due but unpaid: $ _____
(See attachment for details of type and amount.)

   **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:** $ _____

*(Continued on next page)*

Motion for Relief from Stay (Personal Property) - Page 9 of 11    F 4001-1M.PP

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Renee D. Williams; Jason M. Rund, Chapter 7 Trustee | Debtor(s) | CASE NO.: 2:09-bk-41726-ER |

d. Postconfirmation/payments due BUT REMAINING UNPAID since plan confirmation (if applicable):

(Number of) _____ payment(s) due at $ _____ each = $ _____
(Number of) _____ payment(s) due at $ _____ each = $ _____
(Number of) _____ late charge(s) at $ _____ each = $ _____
(Number of) _____ late charge(s) at $ _____ each = $ _____

e. Postconfirmation advances or other charges due but unpaid:    $ _____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**    $ _____

f. [ ] The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

g. [ ] See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan (attach Court Form F 4001-1M.13).

15. [X] Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16. [ ] Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

a. [ ] These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. [ ] For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on __11-25-__, 2009, at Phoenix, Arizona _____ (city, state).

Cody Rackl
Print Declarant's Name

Signature of Declarant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.PP

F 4001-1M.PP

| In re<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee<br>                                  (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:09-bk-41726-ER |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

A true and correct copy of the foregoing document described as <u>Notice of Motion and Motion for Relief from Automatic Stay</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u> (indicate method for each person or entity served)**:
On 11·30·09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11·30·09 | Tanya Kinne | /s/ Kinne |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.PP

Motion for Relief from Stay (Personal Property) - *Page 11 of* 11        **F 4001-1M.PP**

| In re<br>Renee D. Williams; Jason M. Rund, Chapter 7 Trustee    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 2:09-bk-41726-ER |

**ADDITIONAL SERVICE INFORMATION** (if needed):

SEE ATTACHED LIST

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                          **F 4001-1M.PP**

## SERVICE LIST

In re: Renee D. Williams
Bankruptcy Case No.:2:09-bk-41726-ER

Debtor in Pro Per
Renee D. Williams
P.O. Box 641803
Los Angeles, CA 90064

Chapter 7 Trustee
Jason M. Rund
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA 90245

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

The Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012-3332

**RETAIL INSTALLMENT CONTRACT — SIMPLE FINANCE CHARGE**

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| RENEE DARLENE WILLIAMS<br>771 LINDBERG DR NE #5101<br>ATLANTA GA 30324   FULTON | MERCEDES-BENZ OF BUCKHEAD<br>102 WEST PACES FERRY ROAD<br>ATLANTA GA 30305 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2003 | MERCEDES-BENZ CLK430A | WDBLK70683T136875 | ☐ personal, family or household<br>☐ business<br>☐ agricultural    ☐ |

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 8.50 % | $ 9099.67 | $ 38663.93 | $ 47763.60 | $ 47763.60 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 796.06 | Monthly beginning 10/07/2006 |

Or As Follows:

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 50.00 or 6 % of the payment, whichever is less.
Prepayment. If you pay off your debt early, you will not have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (Including $ 2526.93 sales tax) ........ $ 38126.93 (1)
2. Total Downpayment =
   Trade-In _____ (Year) _____ (Make) _____ (Model)
   Gross Trade-In Allowance ........ $ N/A
   Less Pay Off Made By Seller ........ $ N/A
   Equals Net Trade In ........ $ N/A
   + Cash ........ $ N/A
   + Other  N/A ........ $ N/A
   (If total downpayment is negative, enter "0" and see 4H below) ........ $ N/A (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........ $ 38126.93 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      Life     $ N/A
      Disability  $ N/A
   B. VSI Insurance Paid to the Insurance Company(ies) ........ $ N/A
   C. Other Insurance Paid to the Insurance Company(ies) ........ $ N/A
   D. Official Fees Paid to Government Agencies
      to N/A  for N/A ........ $ N/A
      to N/A  for N/A ........ $ N/A
      to N/A  for N/A ........ $ N/A
   E. Government Taxes Not Included in Cash Price ........ $ N/A
   F. Government License and/or Registration Fees ........ $ 20.00
   G. Government Certificate of Title Fees ........ $ 18.00
   H. Other Charges (Seller must identify who is paid and describe purpose.)
      to N/A for Prior Credit or Lease Balance  N/A ........ $ N/A
      to DEALER for DOC FEE ........ $ 499.00
      to N/A for N/A ........ $ N/A
      to N/A for N/A ........ $ N/A
      to N/A for N/A ........ $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 537.00 (4)
5. Amount Financed (3 + 4) ........ $ 38663.93 (5)

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is authorized to sell such insurance in Georgia. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your decision to buy or not to buy insurance will not be a factor in the credit approval process.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A

Insurance Company Name
N/A

Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Insurance**
☐ N/A _____ N/A
   Type of Insurance    Term
Premium $ _____ N/A
Insurance Company Name
Home Office Address  N/A

I want the insurance checked above.

X _____  _____
Buyer Signature              Date

X _____  _____
Co-Buyer Signature           Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Returned Check Charge: You agree to pay a charge equal to the greater of $30 or 5% of the check amount if any check you give us is dishonored and we make written demand that you do so.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance): If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ N/A and is also shown in Item 4B of the ITEMIZATION OF AMOUNT FINANCED. The coverage is for the initial term of the contract.

OPTION: ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before _____ Year _____  SELLER'S INITIALS _____

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X _____  Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

NOTICE TO THE BUYER: Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 08/23/06   Co-Buyer Signs X _____ Date _____

Co-Buyer and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____
Seller signs _____ Date 09/23/06  Address _____
                       Date _____  By X _____ Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☐ Assigned without recourse    ☐ Assigned with limited recourse

Seller  MERCEDES-BENZ OF BUCKHEAD    By _____  Title _____

LAW FORM NO. 553-GA 11/04

ORIGINAL LIENHOLDER

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay 15% of the amount you owe as attorney's fees, plus court costs. We will charge only attorney's fees and court costs the law permits.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-CA 11/04



Form B6B - (12/07)             2007 USBC, Central District of California

| In re Renee Darlene Williams | Debtor. | Case No.: (If known) |
|---|---|---|

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Mercedes CLK 430** | | 18,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

            __1__ continuation sheets attached             $ 24,066.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

